UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON ALEXANDER CULAJAY UYU (A-Number: 221-492-000),<br><br>Petitioner,<br><br>v.<br><br>TODD M. LYONS, *et al.*,<br><br>Respondents. | Case No.  2:26-cv-00828-KES-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Docs. 1, 8)<br><br>**<u>7-Day Objection Period</u>** |

Petitioner Wilson Alexander Culajay Uyu ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action on March 11, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1).  At the time of the filing of the petition, Petitioner was in custody of Immigration and Customs Enforcement ("ICE") at the California City Correctional Center.  *Id*. at 2.  Petitioner filed a motion for temporary restraining order ("TRO") that same day.  (Doc. 2).  The Court directed Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in similar cases.  (Doc. 5).

On March 16, 2026, Respondents filed a response to the order to show cause.  (Doc. 6).  The next day, the Court converted the motion for TRO into a motion for preliminary injunction, granted it, and ordered Respondents to release Petitioner immediately.  (Doc. 8).  The assigned district judge referred the matter to the undersigned for further proceedings.  *Id*. at 2 n.1, 3.

1

On March 18, 2026, the undersigned ordered Respondents to file either any supplemental briefing on the merits of the petition or a statement of intent to file no further briefing. (Doc. 9). On March 25, 2026, Respondents filed a statement of intent to file no further briefing. (Doc. 10).

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The undersigned finds that, for the reasons addressed in the Court's order granting a preliminary injunction—that Respondents submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Court's order to show cause (*see* Doc. 5) and Respondents do not raise any new arguments—the petition should be granted. *See* (Doc. 8 at 1-2).

**<u>Conclusion and Recommendation</u>**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.

2. The Clerk of the Court be DIRECTED to enter judgment in favor for Petitioner and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the

2

District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 1, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3